## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
June 12, 2006

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HENTGES, MICHAEL E., | ) | **Case No. 06-10451-R** |
| | ) | **Involuntary Chapter 7** |
| Alleged Debtor. | ) | |

### ORDER DENYING MOTION TO DISMISS

Before the Court is the Motion to Dismiss (Doc. 9) filed by the Alleged Debtor Michael E. Hentges ("Hentges") on May 11, 2006, and the Petitioning Creditors' Response to Motion to Dismiss (Doc. 15) (the "Response") filed by Petitioning Creditors Virginia D. Marks, individually and as Trustee of the Virginia D. Marks Trust, Paul R. Hodgson and Tulsa National Bank (collectively, the "Petitioning Creditors") on May 30, 2006.

The Court has jurisdiction of this "core" proceeding by virtue of 28 U.S.C. §§ 1334, 157(a), and 157(b)(2)(A) and (O); and Local Civil Rule 84.1(a) of the United States District Court for the Northern District of Oklahoma.

Upon consideration of the Involuntary Petition (Doc. 1) filed by the Petitioning Creditors on April 21, 2006, the Motion to Dismiss, the Response, and applicable law, and taking judicial notice of the proceedings in In re Michael E. Hentges, Case No. 05-30076, including the transcripts of the trial held therein on January 26, 2006 (Doc. 72), the Order of Dismissal entered on February 1, 2006 (Doc. 38), the transcript of the bench ruling dismissing the case (Doc. 46), the Order Denying Motion to Reconsider (Doc. 41), and the Order Granting Petitioning Creditors' Joint Motion for Clarification (Doc. 43), the Court finds and concludes that the Motion to Dismiss should be denied.

The Petitioning Creditors filed an Involuntary Petition against Hentges on December 21, 2005, and an Amended Involuntary Petition on December 22, 2005 (the "First Petition"), commencing Case No. 05-30076-R ("Hentges I").  In his Answer to the First Petition, and at trial in Hentges I, Hentges alleged, among other things, that Tulsa National Bank (the "Bank") was not an eligible petitioning creditor under Section 303(b)(1) of the Bankruptcy Code[1] because Hentges disputed the validity and the amount ($39,253.15) of the claim asserted by the Bank in the First Petition.  After a trial at which the parties presented evidence regarding both the eligibility of the Petitioning Creditors and their entitlement to relief, the Court concluded that a *portion of the Bank's claim*, specifically its claim for reimbursement of fees and costs incurred in connection with responding to or complying with subpoenas and garnishments, was in *bona fide* dispute, and therefore the Bank lacked standing as a petitioning creditor.  Because Section 303(b) provides that at least three eligible petitioning creditors are required to commence an involuntary petition, and disqualification

---

[1]Section 303(b) provides, in relevant part, that –

An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title –

> (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, . . . if such non-contingent, undisputed claims aggregate at least $12,300 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims[.]

11 U.S.C. § 303(b)(1).

of the Bank eliminated one of the three creditors who executed the First Petition, Hentges I was dismissed.  Transcript of February 1, 2006, Bench Ruling (Doc. 46).

On February 7, 2006, in an Order Denying [the Petitioning Creditors'] Motion to Reconsider (Doc. 41), the Court expanded on its rationale for concluding that the Bank did not qualify as a petitioning creditor.  In that Order, the Court recognized that the Bank may have been eligible as a petitioning creditor under the law as it existed prior to April 2005, but that the April 2005 amendment to Section 303(b), which requires a petitioning creditor's claim to be undisputed not only as to its validity but also as to its *amount,* precluded the Bank from filing an involuntary case because the disputed components of the claim rendered the whole claim disputed *in amount.*[2]

On February 10, 2006, the Petitioning Creditors filed a Joint Motion for Clarification (Doc. 42), wherein the Petitioning Creditors stated their "desire to re-file an involuntary petition against Mr. Hentges pursuant to 11 U.S.C. § 303, amending the claim of [the Bank] to assert only 'a claim for the principal and interest due on the obligation guaranteed by Mr. Hentges, an amount not disputed by Mr. Hentges.'"  Id. at ¶ 5, *quoting* Order Denying Motion to Reconsider.  Before filing their second action, the Petitioning Creditors sought clarification as to whether the order dismissing Hentges I "constitutes a dismissal without prejudice to refiling."  Id. at ¶ 8.  On February 13, 2006, the Court entered a text order

---

[2]In the Order Denying Motion to Reconsider, the Court stated: "If the bank had asserted a claim for the principal and interest due on the obligation guaranteed by Mr. Hentges, an amount not disputed by Mr. Hentges, the Court might have reached a different conclusion."  Id. at 3.

3

granting the motion for clarification, and determined that "the order of dismissal entered February 1, 2006, constituted a dismissal *without prejudice to refiling*." Text Order, Doc. 43 (emphasis added).

On April 21, 2006, the Petitioning Creditors filed an Involuntary Petition (the "Second Petition") to commence this case ("Hentges II"). In the Second Petition, the Bank asserted a claim in the amount of $29,400.00. Thus it appears that the Bank has abandoned its claim against Hentges for the disputed portion of the debt that resulted in the dismissal of Hentges I.

In his Motion to Dismiss, Hentges argues that Hentges II must be dismissed under the doctrine of *res judicata*. Rule 41 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rules 7041 and 9014(c), governs the effect of voluntary and involuntary dismissals. Rule 41(b), captioned "Involuntary Dismissal: Effect Thereof," provides that "[u]nless a court in its order for dismissal *otherwise specifies*, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits." Fed. R. Civ. P. 41(b) (emphasis added). In dismissing Hentges I, the Court expressly specified that the dismissal was "without prejudice to refiling." Accordingly, under Rule 41(b), the dismissal was not an adjudication on the merits.

In order to establish that a claim is barred by *res judicata*, the previous action must have been concluded with a "final judgment on the merits." <u>Nwosun v. General Mills</u>

Restaurants, Inc., 124 F.3d 1255, 1257 (10th Cir. 1997); Satsky v. Paramount Communications, Inc., 7 F.3d 1464, 1467 (10th Cir. 1993). "[A] dismissal without prejudice 'is a dismissal that does not "operat[e] as an adjudication upon the merits," . . . and thus does not have a *res judicata* effect.'" Satsky, 7 F.3d at 1468, *quoting* Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990) (applying Rule 41(a)(1) concerning voluntary dismissals without prejudice). See also Camarano v. Irvin, 98 F.3d 44, 47 (2d Cir. 1996) ("It is well established that a dismissal without prejudice has no *res judicata* effect on a subsequent claim"); In re Fischer, 252 B.R. 603, 609 (Bankr. E.D.N.Y. 2000) ("'A dismissal of an action without prejudice is an indication that the judgment is not on the merits and will therefore have no preclusive effect'" (*quoting* 18 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE, § 131.54[1] (3d ed. 1997))); CHARLES A. WRIGHT & ARTHUR R. MILLER, 9 FED. PRAC. & PROC. CIV. 2d § 2373 ("a dismissal without prejudice under subdivision (b), although a final termination of the present action, does not bar a second suit").

Because Hentges I was dismissed without prejudice, Hentges cannot establish the existence of a final judgment on the merits. Therefore the doctrine of *res judicata* does not bar the Petitioning Creditors from filing and prosecuting Hentges II.

Accordingly, the Motion to Dismiss is denied. Pursuant to Bankruptcy Rules 1011(c) and 7012(a), Hentges shall file an answer to the Second Petition within ten days of the date of this Order.

**SO ORDERED** this 12th day of June, 2006.

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE

5