<u>NOT FOR PUBLICATION</u>

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA**

Filed / Docketed
May 30, 2007

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **HENTGES, MICHAEL E.** | ) | |
| | ) | **Case No. 06-10451-R** |
| **Debtor.** | ) | **(Involuntary Chapter 7)** |

<u>ORDER</u>

On April 11, 2007, Virginia D. Marks ("Movant") filed her Motion for Contempt and
Request for Expedited Hearing (Doc. 130) ("Motion for Contempt") against Affordable
Housing for America, Inc. ("AHA"), Larry Davis, President of AHA ("Davis"), Dr.
Frederick Northrop, Executive Director of AHA ("Northrop") and Margaret Johnson, Vice
President of AHA ("Johnson").  On April 30, 2007, in response to the Motion for Contempt,
Northrop filed a Motion to Dismiss (Doc. 141). On May 9, 2007, the Court held a hearing
on the motions, at which Northrop appeared in person and through his counsel, Stephen
Capron ("Counsel").  AHA, Davis and Johnson did not appear at the hearing.

**Jurisdiction**

The Court has jurisdiction over this "core" matter pursuant to 28 U.S.C. §§ 1334 and
157(b)(2)(A).

**Contentions of the Parties**

On April 2, 2007, AHA was served with a Subpoena for Rule 2004 Examination and
Document Production ("Subpoena") through its service agent, Northrop, in accordance with
the Court's Order for Examination and Production of Documents (Doc. 119) ("Rule 2004

Order") entered on March 28, 2007.  Movant contends that AHA, through its officers and directors, produced only a limited number of documents and failed to fully comply with the Subpoena and Rule 2004 Order.  See Doc. 110-2.[1]  Movant further contends that AHA and its representatives failed to provide all responsive documents until after Movant filed her Motion for Contempt on April 11, 2007.  At the hearing on the motions, Northrop appeared and was represented by Counsel.  Northrop asserted that he is not a party to this action, did not willfully violate the Rule 2004 Order, and did not have knowledge regarding the location of the requested documents, and therefore should not be found in contempt.  AHA, Davis and Johnson did not appear at the hearing.

### Findings of Fact

On March 28, 2007, the Court entered the Rule 2004 Order directing AHA to produce for inspection and photocopying all items identified on Exhibit A attached to the Movant's Revised Combined Motion for Rule 2004 Document Production and Concise Brief (Doc.110) ("Document Request").  On April 2, 2007, Movant served Northrop, who is the Service Agent and Executive Director of AHA, with a copy of the Subpoena and Rule 2004 Order. The Document Request was attached to the Subpoena.  See Doc. 110-2.  Pursuant to the Document Request, AHA was required to produce documents evidencing  transfers, payments or contractual agreements made to or with the debtor, Michael E. Hentges

---

[1]Movant also requested that the Court find AHA in contempt for failing to designate an appropriate corporate representative to attend the Rule 2004 Examination, but this relief was denied by the Court at the hearing.

("Hentges"), documents showing financial transactions between a number of related entities, documents showing payments to financial institutions, documents describing ownership interests, documents relating to assets, and any correspondence pertaining to the documents requested. Id. On or before April 9, 2007, AHA produced a limited amount of documents, including various loan agreements, operating agreements and articles of organization pertaining to related corporate entities, (see Movant's Exh. 3) and produced Johnson for examination as its corporate representative.

On April 11, 2007, Movant filed the Motion for Contempt against AHA and its corporate officers and directors because Movant believed the documents that were produced were not responsive to the Document Request and because not all responsive documents were produced.  After the Motion for Contempt was filed, AHA produced additional documents responsive to the Document Request, including financial statements, contractual agreements with Hentges, operating agreements for numerous entities, articles of organization for numerous entities, and loan agreements with various financial institutions.

On April 18, 2007, the Court entered an Order Setting the Hearing on the Motion for Contempt for April 25, 2007 (Doc. 132) ("Order Setting Hearing").  On April 23, 2007, Movant served the Order Setting Hearing on Johnson via process server (Doc. 146-4).  On April 24, 2007, Movant served the Order Setting Hearing on Northrop via process server (Doc. 146-4).[2]  On April 24, 2007, Movant filed a Motion to Continue Hearing (Doc. 138).

---

[2]Movant was not able to locate Davis and thus Davis was not served with the Order Setting Hearing.

The Court granted the motion and continued the hearing on the Motion for Contempt until May 9, 2007.  See Order Granting Motion to Continue Hearing on Movant's Motion for Contempt (Doc. 139) ("Order Continuing Hearing").  The Court directed Movant to serve a copy of the Order Continuing Hearing on all appropriate parties.  Id.

On April 24, 2007, Movant served Northrop's Counsel via CM/ECF with the Order Continuing Hearing.  Movant did not serve Johnson or Davis with the Order Continuing Hearing.  Movant asserts that she properly served AHA with the Order Continuing Hearing when she served Counsel for Northrop; however, Counsel for Northrop only entered an appearance on behalf of Northrop, not AHA.  See Special Entry of Appearance, filed on April 24, 2007 (Doc. 137).  Thus, Movant failed to provide AHA, Davis and Johnson with notice of the Order Continuing Hearing.  As a result, AHA, Davis and Johnson were not provided an opportunity to appear and defend against the Motion for Contempt.  Therefore, the Motion for Contempt must be denied as to AHA, Davis and Johnson.

At the hearing on Movant's Motion for Contempt and Northrop's Motion to Dismiss, Northrop admitted that he was the Executive Director of AHA, which he described as a non-salaried, honorary position.  However, Northrop testified that his duties included acting as the Service Agent on behalf of AHA and executing documents prepared by corporate counsel on behalf of AHA.  Northrop admitted that he received the Subpoena and Rule 2004 Order and forwarded those documents to his Counsel.  Northrop stated that he directed Johnson, Vice President of AHA, to compile the requested documents and forward them to Movant.  Northrop testified that he was not in possession of any responsive documents and that

4

Johnson was the most knowledgeable person regarding AHA's books and records.  Northrop testified that he did not review the documents produced by Johnson to ensure that they were in compliance with the Subpoena and Rule 2004 Order.  As a result, documents responsive to the Document Request, including documents evidencing agreements with Hentges, transfers or payments made to related entities, ownership interests, assets, financial statements, and related correspondence were not produced at the Rule 2004 Examination, and in fact the responsive documents were not produced until after the Movant filed her Motion for Contempt.

## Conclusions of Law

The Tenth Circuit Court of Appeals has held that bankruptcy courts have civil contempt power through 11 U.S.C. § 105(a).  See Mountain America Credit Union v. Skinner (In re Skinner), 917 F.2d 444, 447 (10th Cir. 1990).  The purpose of civil contempt is two-fold: "(1) to compel or coerce obedience to a court order; [and/or] (2) to compensate the parties for losses resulting from the contemner's  non-compliance with a court order."  In re Snider Farms, Inc., 125 B.R. 993, 997 (Bankr. N.D. Ind. 1991) (citation omitted); see also Skinner, 917 F.2d at 447 n.2 (citation omitted).  A court may award damages against a party for civil contempt to compensate for an actual loss that has been suffered, but the damages must be "wholly remedial" and not punitive.  Snider Farms, 125 B.R. at 997 (citations omitted).  Damages may include costs and attorney's fees. Id. at 996 (citations omitted). The determination of whether a party has committed a civil contempt involves "essentially only consideration of whether the party knew about the lawful order and whether he complied

with it." Skinner, 917 F.2d at 449 (quoting In re Walters, 868 F.2d 665, 670 (4th Cir. 1989)).

Because the purpose of civil contempt is remedial, "by either coercing a respondent into compliance with the Court's Order or compensating the complainant for losses sustained, willfulness of the offending party need not be shown for a finding of contempt; it is sufficient that the Court order violated is specific and definite and the offending party has knowledge of the Court's order." Snider Farms, 125 B.R. at 997 (citations omitted).

The United States Supreme Court has held that corporate officers and directors may be found in contempt for violating orders addressed to the corporation. Wilson v. United States, 221 U.S. 361, 376 (1911). In Wilson, the Court stated:

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance **or fail to take appropriate action** within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.

Id. (emphasis added). See also Snider Farms, 125 B.R. at 999.

Thus, if a corporate director fails to take appropriate action on behalf of a corporation that director may be found to be in contempt of a court order.[3] While Northrop testified that he instructed Johnson to compile the requested documents, he failed to review any documents prior to their production to ensure that the compiled documents were complete or in compliance with the Subpoena and Rule 2004 Order.

_____

[3]Under Oklahoma law, "[t]he business and affairs of every corporation organized in accordance with the provisions of the Oklahoma General Corporation Act shall be managed by or under the direction of a board of directors. . . ." 18 O.S. § 1027(A) (2004).

Although his conduct was not willful, Northrop received a specific and definite court order detailing the documents to be produced, and he failed to take appropriate action to ensure that the order was fulfilled which is sufficient for a finding of contempt. Accordingly, the Court finds Northrop, as a director of AHA, in contempt of this Court's Subpoena and Rule 2004 Order regarding the production of documents.[4]

## Conclusion

The Court has the authority to find those who fail to comply with a court order in civil contempt. The purpose of a contempt order is to coerce compliance or compensate a party who suffers losses resulting from the contemner's non-compliance with a court order. The Court may award consequential damages to compensate for such losses, including costs and attorney's fees incurred in attempting to compel compliance. The officers and directors of a corporation may be held accountable for the corporation's failure to take appropriate action to ensure compliance with a court order. The Court finds Dr. Frederick Northrop violated and is in contempt of the Subpoena and Rule 2004 Order directing production of documents. The Court further finds that the Movant is entitled to consequential damages. Accordingly, Movant's Motion for Contempt is granted in part, and Northrop's Motion to Dismiss is denied. Within fifteen (15) days after the entry of this Order, Movant shall file an application

---

[4]Although other officers of AHA may also have contributed to the conduct resulting in contempt of the Court's Subpoena and Rule 2004 Order, those officers are not before the Court, and the Court will not excuse Northrop's dereliction of duty merely because the other officers, who might have been held jointly liable, were not properly served.

for attorney's fees and costs incurred in connection with the Motion for Contempt and the

hearing thereon.  Any response by Northrop shall be filed within ten (10) days thereafter.

**SO ORDERED** this 30th day of May, 2007.


DANA L. RASURE, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT